MAX ECKERT AND MARGARET ECKERT, PLAINTIFFS-RESPONDENTS, v. MORRIS DEUTSCH, DEFENDANT-APPELLANT.

Decided December 17, 1926.

**Assault and Battery and Attempted Rape—Juagment for Both Plaintiffs, Husband and Wife—Fair Reading of the Testimony and a Consideration of the Legal Principles Applicable Thereto Which Were Properly Charged, Make it Clear That the Principles Were Through Mistake or Prejudice on the Part of the Jury, Overlooked or Ignored by it—Verdict was Against Clear Weight of Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Robert Newton Crane* (*Alfred A. Stein,* of counsel).

*Contra, Emil J. Hoos.*

PER CURIAM.

In an action by the plaintiffs, husband and wife, against the defendant for an outrageous assault and battery of, and attempted rape alleged to have been committed by the defendant upon, the wife of the co-plaintiff, the complaint filed by them in the cause contains two counts, the first of which, after alleging the injuries suffered by the wife, concludes: "Plaintiff Margaret Eckert demands as damages upon the first count the sum of fifteen thousand dollars." There is no claim made by the husband for any damages. The second count is couched in the following terms: "Statement of the first paragraph of the first count is made part of this count and here repeated." The paragraph referred to reads: "Plaintiffs were lawfully joined in the bonds of matrimony on the 25th of October, 1910. 2. During the months of November and De-

cember, 1924, defendant, by use of arts, flattery, affectionate conduct and deception, has and did design to alienate, impair and destroy the affections of Margaret Eckert for her husband.   3.  By reason of defendant's unlawful conduct toward the said Margaret Eckert, the defendant has robbed plaintiff Max Eckert of the affection of his wife, causing the said Max Eckert great suffering, humiliation and distress of mind.   Plaintiff Max Eckert demands as damages upon the second count the sum of fifteen thousand dollars."

In his answer to the charges made in the complaint against him, the defendant denied them *in toto,* and set up by way of counter-claim that the plaintiffs had conspired and combined together to falsely charge the defendant with an outrageous assault and battery and attempted rape upon the female plaintiff, and caused him to be arrested and incarcerated in the Union county jail, in default of his inability to furnish bail in the sum of $5,000 to answer the complainants' action, and maliciously caused the proceedings taken by them to be published in the "Plainfield Courier News," whereby his good reputation which he enjoyed among his fellow-citizens, friends and business acquaintances for chastity, morality and honest living was greatly damaged, &c.

The case was tried at the Union Circuit and resulted in a verdict for the female plaintiff for the sum of $15,000, and for the husband in the sum of $7,500.

A rule to show cause was allowed by the trial judge why the verdicts should not be set aside.   Of the nine reasons presented on behalf of the defendant for setting aside the verdict, we have considered the reasons assigned that the verdict is contrary to the weight of the evidence and contrary to the instructions of the court.   A fair reading of the testimony in the cause and a consideration of the legal principles applicable thereto and which were properly charged by the court to be applied by the jury to the facts, as disclosed by the evidence, makes it clear to us that the legal principles were through mistake or prejudice on part of the jury overlooked or ignored by it.   Furthermore, we think that the verdict was against the clear weight of the evidence.

The rule to show cause is made absolute.